IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:15-cv-1149-MJW

D THREE ENTERPRISES, LLC,

    Plaintiff,

vs.

EJOT FASTENING SYSTEMS L.P.,

    Defendant.

---

STIPULATION AND ORDER REGARDING E-DISCOVERY (Docket no. 23-2)

---

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory

disclosure requirement of the Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

   a. **General Document Image Format.** Each electronic document shall be produced in industry-standard, single-page Tagged Image File Format ("TIFF") format or multiple page PDF format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files, in a format acceptable for the receiving party's document processing software, shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   b. **Text-Searchable Documents.** No party has an obligation to provide text searchable production; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then the producing party shall produce the document in the same text-searchable format.

   c. **Footer.** Each document image shall contain a footer with a

y

sequentially ascending production number.

d. **Native Files.** Electronic files may be produced in native format whenever more practical to do so, e.g., spreadsheets. In addition, party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

e. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case. No party is required to alter the normal operation of any automatic data backup system to comply with any obligation to preserve data for purposes of this case.

f. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

g. **Format for production of documents – hardcopy or paper**

ESI ORDER – PAGE 3

      **documents.** All documents that are hardcopy or paper files generally shall be scanned and produced in the same manner as documents existing in electronic format, above, unless that is not practical or cost efficient for specific sets or categories of documents.

h.     **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order, if any, or shall otherwise be produced in accordance with agreements of the parties, the Federal Rules of Civil Procedure, this Court's local rules, or a Court order.

i.     **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format. Upon a showing of need, the parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

j.     **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such

requests as unreasonable in number, timing, or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

k. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation. Nothing in this agreement requires a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of the court, shall not include e-mail or other forms of electronic correspondence (collectively

"e-mail"). To obtain e-mail, parties must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the eight most significant listed e-mail custodians in view of the pleaded claims and defenses (or fewer than eight custodians if the party cannot reasonably identify eight custodians likely to have relevant information),[1] infringement contentions and accompanying documents, invalidity contentions and accompanying documents, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court. Each requesting party may also propound up to three written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of six custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

ESI ORDER – PAGE 6

n/a
n/a

      additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting party shall limit its e-mail production requests to a total of eight search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. A party is not obligated to produce non-privileged e-mails or other ESI solely because it is from the time frame and contains one or more search terms identified by the requesting party. Nothing herein is intended to overrule, or constitute a waiver of, any well-founded objection.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

So Ordered.

Dated: September 2, 2015

U.S. Magistrate Judge Michael J. Watanabe

WE SO MOVE and agree to abide by the terms of this Order:

Dated: September 1, 2015

/s/ Paul J. Korniczky
Paul J. Korniczky
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza – Suite 4900
180 North Stetson Avenue
Chicago, IL 60601-6731
Tel: (312) 616-5600
Fax: (312) 616-5700
E-mail: pkorniczky@leydig.com
Attorney for EJOT Fastening Systems, LP

Dated: September 1, 2015

/s/ David A. Skeels
David A. Skeels
Michael T. Cooke
Dave R. Gunter
Friedman Suder & Cooke
604 East 4th Street, Suite 200
Fort Worth, TX 76102
Tel: (817) 334-0400
Fax: (817) 334-0401
E-mail: skeels@fsclaw.com
E-mail: mtc@fsclaw.com
E-mail: gunter@fsclaw.com

Attorneys for D THREE ENTERPRISES, LLC